**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona School Risk Retention Trust, Inc., <br><br>　　　　　Plaintiff, <br><br>　vs. <br><br>NMTC, Inc., d/b/a Matco Tools, et al., <br><br>　　　　　Defendants. | No. CV-14-08009-PCT-PGR <br><br> ORDER |

Pending before the Court is the plaintiff's Motion to Extend Deadline for Plaintiff's Rebuttal Expert Report (Doc. 90). Having considered the motion and the defendants' response thereto (Doc. 92), the Court finds that the plaintiff's motion should be granted in part and denied in part.

First Issue. The Court will not reconsider its previous order (Doc. 66) declining to accept the parties' handwritten stipulation dated February 11, 2015 because it was not filed with the Court as a formal stipulation as ordered.

Second Issue. The plaintiff requests that the Court require the deposition of the defendants' Fed.R.Civ.P. 30(b)(6) deponent be held in Phoenix at the defendants' expense. The Court declines to do so given deponent John Horvath's affidavit that he will suffer undue familial and employment hardship if he has to

travel to Phoenix from Ohio where he resides and works.  As is customary, the Rule 30(b)(6) deposition will take place at the deponent's place of employment in Ohio unless the parties file a formal stipulation agreeing to a different place of deposition. The parties may agree that the deposition may be held telephonically or via remote means.

Third Issue.  The plaintiff also requests that the time for defendants to respond to written discovery requests, *i.e.*, requests for admission, interrogatories and requests for production, be reduced from 40 days to 20 days and that the defendants be ordered to make good faith efforts to answer such requests sooner if possible. The defendants respond (1) that the request is unnecessary because the plaintiff has not served any discovery for the defendants to answer since the production of the defendants' expert reports, (2) that they will make a concerted effort to respond to any discovery served on them within 30 days, but request that the applicable 40 day rule apply, and (3) that it is unnecessary to order them to make a good faith effort to respond sooner as they have complied with all of the plaintiff's requests.

The Court will not order the acceleration of any upcoming discovery response times and will require the parties to adhere to the discovery response time deadlines set forth in the Federal Rules of Civil Procedure, unless the parties formally file a stipulation agreeing to a different response time.  **In this regard the Court, although it has no idea why it should have to do so, admonishes the parties' counsel that their continuing and inexplicable reliance on the Arizona Rules of Civil Procedure stops now.**  For example, there is no 40-day response time for discovery requests in the federal rules - that is a state rule that has no application here - the applicable federal rules require responses to be filed within 30 days; there is also no limitation on the number of requests for production in the federal rule - the

plaintiff's counsel's previous reliance on a limitation of 10 requests is also improperly based on an inapplicable state rule. *See* Fed.R.Civ.P. 81(c)(1) ("These rules [of federal civil procedure] apply to a civil action after it has been removed from a state court."); Willy v. Coastal Corp., 503 U.S. 131, 134-35 (1992) (noting that the "expansive language [of Fed.R.Civ.P. 81(c)] contains no express exceptions and indicates a clear intent to have the [Federal Rules of Civil Procedure] ... apply to all district court civil proceedings.")

Fourth Issue. The plaintiff further requests that the Court order the defendants to cooperate with its investigation concerning information needed to address issues raised in their expert reports. The Court sees no reason to explicitly do so since counsel already have the ethical obligation to reasonably cooperate with each other.

The Court will, however, admonish counsel that they will not be allowed to file any future motion with the Court that in any manner relates to a discovery dispute without fully complying with LRCiv 7.2(j) ("No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and sincere effort to resolve the matter, may result in sanctions.") **Any future discovery-related motion must contain a separate certification statement complying with LRCiv 7.2(j) signed by the moving party's lead counsel**, regardless of which counsel actually signs the motion.

Third Issue. The defendants' counsel are admonished that the Court will no longer tolerate their continuing disregard of LRCiv 7.1(a)(3)'s requirement regarding the capitalization of parties' names in the captions of documents filed with the Court.

Because the Court has already warned counsel in four previous orders (Docs. 15, 25, 51, and 86) about this requirement, notwithstanding that the Court should not have had to issue a single such warning, the Court will require defendants' lead counsel Roger Strassburg to file a certification with the Court stating that his office has changed its procedure for captioning documents so as to comply with LRCiv 7.1(a)(3) and for submitting proposed orders that fully comply with LRCiv 7.1(b)(3).[1] Not only will the Court strike any future document not fully complying with LRCiv 7.1(a)(3), the Court will consider personally sanctioning the counsel who signed the offending document. *See* LRCiv 83.1(f).  Therefore,

IT IS ORDERED that the plaintiff's Motion to Extend Deadline for Plaintiff's Rebuttal Expert Report (Doc. 90) is granted in part solely as follows:

(1) The plaintiff shall serve its expert's rebuttal report no later than **May 13, 2015**;

(2) Requests, whether by motion or stipulation, to amend pleadings or to join additional parties shall be filed no later than **May 12, 2015**;

(3) The defendants shall serve their expert's rebuttal report no later than **June 5, 2015**.

IT IS FURTHER ORDERED that no future discovery-related motion shall be filed unless it fully complies with the certification requirement of moving counsel as set forth in this Order.

IT IS FURTHER ORDERED that the deposition of defendants' Fed.R.Civ.P. 30(b)(6) deponent shall take place at the defendants' principal place of business in Ohio unless the parties formally stipulate otherwise.

---

[1] The plaintiff's counsel have also been submitting proposed forms of orders that do not fully comply with LRCiv 7.1(b)(3) and that too must stop.

1    IT IS FURTHER ORDERED that defendants' counsel Roger Strassburg shall file a certification regarding his office's compliance with LRCiv 7.1(a)(3) and (b)(3) as set forth in this Order no later than **April 13, 2015**.

DATED this 1st day of April, 2015.

Paul G. Rosenblatt
United States District Judge