**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona School Risk Retention Trust, Inc.,<br><br>        Plaintiff,<br><br>    vs.<br><br>NMTC, Inc. d/b/a Matco Tools, et al.,<br><br>        Defendants. | No. CV-14-08009-PCT-PGR<br><br>ORDER |

Having reviewed Plaintiff Arizona School Risk Retention Trust's Motion for Clarification of the Court's April 1, 2015 Order (Doc. 103), the Court finds that the motion should be summarily denied.

On March 31, 2015, the plaintiff, apparently relying on the 120-day service deadline of Fed.R.Civ.P. 4(m), filed a Motion to Enlarge Time to Serve Techway Industrial Company Limited (Doc. 93), wherein it requested an additional ninety days to complete service due to the difficulty in serving defendant Techway in Taiwan. In an order (Doc. 96) entered on April 1, 2015, the Court granted the plaintiff's motion and gave the plaintiff its requested deadline of July 2, 2015 in which to serve Techway. In so doing, the Court noted that the plaintiff's motion was unnecessary because Rule 4(m)'s 120-day service deadline by its express terms does not apply

to service on foreign defendants.

Now, three months later, the plaintiff requests that the Court clarify its previous order by ruling as to whether the plaintiff is bound by the July 2nd deadline to serve Techway or if there is no deadline pursuant to Rule 4(m). The plaintiff states that service on Techway was effectuated by international mail, return receipt requested prior to the July 2nd deadline. It further states, however, that it is now attempting to additionally serve Techway through letters rogatory because it believes that a Taiwanese court would be more likely to recognize and enforce a judgment if Techway was so served. The relief that the plaintiff requests is that the Court "confirm that Rule 4(m) applies and that there is no deadline." The Court interprets this to mean that the plaintiff wants the Court to confirm that Rule 4(m) does not apply to service on Techway and that there is no applicable deadline for serving Techway.

First, the Court sees no need to confirm that Rule 4(m)'s service deadline does not apply to service on Techway because the Court has already stated that the rule is inapplicable, and the rule in any case clearly states that it is not applicable to foreign defendants.

Second, the Court cannot state that there is no time limit for serving Techway. While the Ninth Circuit, to the Court's knowledge, has never specifically imposed any deadline on serving a foreign defendant, the Court has the inherent authority to set a deadline for serving a foreign defendant and the Court exercised that authority in its previous order by setting the deadline specifically requested by the plaintiff. *See* Nylok Corp. v. Fastener World Incorporation, 396 F.3d 805, 807 (7th Cir.2005) (In an action involving in part service on a Taiwanese defendant, the court stated that "[b]ecause district courts need to be able to control their dockets, we have stated

1  that the amount of time allowed for [foreign] service is not unlimited."); <u>Baja Developments LLC v. TSD Loreto Partners</u>, 2009 WL 2762050, at *1 (D.Ariz. Aug. 28, 2009) ("Although Rule 4(m)'s time limit does not apply to service in a foreign country, Plaintiff has not cited, nor has the Court found, any authority stating that a district court is precluded from setting a reasonable time limit for service in a foreign country to properly manage a civil case."); <u>Global Lift Corp. v. Hiwin Corp.</u>, 2014 WL 4536743 (E.D.Mich. Sept. 11, 2014) (giving the plaintiff an additional 90 days in which to serve Taiwanese defendants.)

Third, if the plaintiff has some non-speculative reason for believing it now needs additional time to serve Techway, the Court presumes that its counsel know how to formally seek such an extension. Therefore,

IT IS ORDERED that Plaintiff Arizona School Risk Retention Trust's Motion for Clarification of the Court's April 1, 2015 Order (Doc. 103) is denied.

DATED this 1st day of July, 2015.

*[signature]*
Paul G. Rosenblatt
United States District Judge