**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Arizona School Risk Retention Trust, Inc., <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>NMTC, Inc., d/b/a Matco Tools, et al., <br><br>　　　　　Defendants. | No. CV-14-08009-PCT-PGR <br><br> ORDER |

On August 20, 2015, defendant Professional Tool Products LLC filed an Objection and Motion to Strike Notice of Plaintiff's Rule 30(b)(6) Notice of Deposition of Professional Tool Products, LLC (Doc. 113).[1]

---

[1] The Court notes that the objection and motion was improperly captioned as being filed by defendant NMTC, Inc.

The Court also notes that the caption fails to fully comply with the party name capitalization rule of LRCiv. 7.1(a) notwithstanding that the Court has on five previous occasions ordered the parties to comply with the rule, and notwithstanding that NMTC and PTC's lead counsel has certified that his law firm had corrected its procedures to comply with the rule. (*See* Doc. 98).

The Court further notes that the objection and motion refers to a Fed.R.Civ.P. 30(b)(6) notice that the plaintiff served on August 11, 2015. The Court's record contains no notice by the plaintiff that the discovery request was served notwithstanding the requirement of LRCiv 5.2 that such a notice must be filed with the Court. The parties are admonished that proper notices of service must be filed

To the extent that the document is actually meant to be a motion to strike, as opposed to merely being an objection to a discovery notice, the Court will summarily deny it as being filed in violation of the Court's previous order specifying what must be filed with a discovery-related order.  On April 1, 2015, the Court entered an order (Doc. 95) that stated:

> The Court will, however, admonish counsel that they will not be allowed to file any future motion with the Court that in any manner relates to a discovery dispute without fully complying with LRCiv 7.2(j) ("No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and sincere effort to resolve the matter, may result in sanctions.") **Any future discovery-related motion must contain a separate certification statement complying with LRCiv 7.2(j) signed by the moving party's lead counsel**, regardless of which counsel actually signs the motion. ... IT IS FURTHER ORDERED that no future discovery-related motion shall be filed unless it fully complies with the certification requirement of moving counsel as set forth in this Order.  (Emphasis in original).

IT IS THEREFORE ORDERED that defendant NMTC, Inc.'s d/b/a Matco Tools' [sic] Motion to Strike Notice of Plaintiff's Rule 30(b)(6) Notice of Deposition of Professional Tool Products, LLC (Doc. 113) is denied without prejudice.

DATED this 21st day of August, 2015.

_____
Paul G. Rosenblatt
United States District Judge

---

with the Court.